# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DEEJA S. YOUNGQUIST,**

      **Plaintiff,**

**v.**                                                **No. CIV 11-1134 RB/LFG**

**ADT SECURITY SERVICES,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Defendant ADT Security Services' *Motion to Dismiss/Motion for More Definite Statement*, filed December 29, 2011 (Doc. 6); and on pro-se Plaintiff Deeja S. Youngquist's *Motion for Default Judgement [sic] and Motion to Compel Defendant to Answer Amended Complaint Filed in This Court*, filed February 13, 2012 (Doc. 14)[1]. The Court also considers Plaintiff's request to amend her Complaint, which she first raised in her Response to the Defendant's motion to dismiss, part of which is incorporated into her Response. *See* Doc. 8 at 6-34[2]. Jurisdiction in this removed case arises under 28 U.S.C. § 1332. Having considered the submissions and arguments of counsel, the existing Amended Complaint and

---

[1] By consolidating her two motions, Plaintiff has violated D.N.M. Administrative Order No. 92-88, which requires parties to "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought." In the future, Plaintiff shall file separate motions instead of combining them. Plaintiff is reminded that, even though she appears pro se, she is required to follow all federal and local rules of procedure.

[2] It is impossible for the Court to determine where the proposed Amended Complaint ends because Plaintiff includes extensive discussions regarding her supporting evidence and many legal arguments throughout what may be part of her proposed Amended Complaint. For example, although she continues with numbering what were supposed to be paragraphs of her proposed amended complaint on page 34 of the Response, the topic of that paragraph is a legal discussion on "overcoming summary judgment," which is neither part of a proper complaint nor even the subject of the Defendant's motion to dismiss.

proposed Second Amended Complaint, together with the affidavits in support, and the relevant law, and being otherwise fully advised, I find that the Defendant's motions should be denied as untimely filed; that the Plaintiff's motion should be denied as moot because of her request to file a second amended complaint; and that the Plaintiff should be permitted to file a separate, second amended complaint that complies with FEDERAL RULES OF CIVIL PROCEDURE 8 & 10 and the instructions in this Order.

## I. Background.

Plaintiff worked for ADT Services as a sales representative for 9 months. She filed her *Complaint for Monetary Damages in Employment and Intentional Infliction of Emotional Distress - Amended* in part as an appeal from the New Mexico Department of Workforce Solutions' March 10, 2011 Order of Nondetermination regarding her May 20, 2010 EEOC charge for sexual discrimination and retaliation against ADT Services, which she filed after she was terminated on November 20, 2009. *See* Am. Compl. at 1; Doc. 12, Ex. 1. The EEOC sent Plaintiff its Dismissal and Notice of Rights determination regarding discrimination and retaliation claims brought under Title VII of the Civil Rights Act of 1964 on January 19, 2011. *See* Doc. 12, Ex. 2. Plaintiff also alleges that Christian Dorau, ADT's Regional Director, intentionally caused her emotional distress and that ADT, though Dorau, breached its duty of good faith and fair dealing, by "solicit[ing] disgruntled customers . . . to complaint [sic] about the Plaintiff" in an attempt to satisfy Dorau's "personal vendetta" against Plaintiff's former hiring manager Jose Perez, whom Dorau had fired in 2009. Am. Compl. at 2. Plaintiff further contends that Defendant ADT breached its duty of good faith and fair dealing when Dorau forced Pete Wisely, who was Plaintiff's manager, to sign a "directly dishonest" affidavit in response to Plaintiff's EEOC charges. *Id.* Plaintiff seeks lost wages

in the amount of $25,000, plus costs for the loss of her job, plus $75,000 in damages for the emotional distress.  *See id.* at 3.

In one sentence of the Amended Complaint, Plaintiff further alludes to alleged gender discrimination, contending that it took ADT forty more days to fire a male co-worker in the same position who was stealing from the company than it did to fire her "for questions of character."  *Id.* She also mentions "wrongful termination based on discrimination, retaliation (vendetta) and fraud on the part of [] Dorau," *id.* at 5, contending that the reasons Dorau gave for firing her are pretextual, *see id.* at 8-9.  Plaintiff also alludes to an alleged secret sexual relationship between her manager, Pete Wisely, and another manager as creating a "hostile work environment" for Plaintiff.  *See id.* at 6.

Plaintiff's amended complaint is otherwise replete with unnecessary and rambling allegations regarding the evidence she intends to use to prove her case, allegations of fraud by other employees that are irrelevant to her claims, information about witnesses she will call, her support for a future motion for summary judgment, her repetitive statements regarding the credibility, bad performance, and fraudulent conduct of former and current managers, much of which is irrelevant to her claims, and repetitive retelling of allegations that are relevant.

## II.  Procedural background and analysis.

Defendant accepted service of the Amended Complaint on November 28, 2011.  *See* Doc. 1, at 1, ¶ 1.  Its answer was due, therefore, on December 19, 2011.  *See* FED. R. CIV. P. 12(a)(1)(A)(i).  Defendant has never filed an answer.  Instead, ADT filed its motion to dismiss or for more definite statement on December 29, 2011, which was not within the 21-day time limit to answer the Amended Complaint.  *See* Fed. R. Civ. P. 12(b), (e).  As noted, *supra*, Plaintiff filed a

response that includes part of a Second Amended Complaint, and she also filed a motion for default judgment based on the Defendant's failure to timely answer that Second Amended Complaint. *See* Doc. 14 at 1.

Although Plaintiff named her Complaint as an Amended Complaint, *see* Doc. 1, Ex. A, Defendant has not filed the original Complaint from the state-court proceedings, if one exists, into this Court's record. The Court notes that Plaintiff referred in her Response brief to having filed an original complaint on June 7, 2011, *see* Doc. 8 at 5-6, and the Amended Complaint was filed on June 8, 2011. If the Amended Complaint was, indeed, amended, then Plaintiff could not file a second amended complaint without first obtaining leave of the Court. *See* FED. R. CIV. P. 15(a)(2). If no original Complaint was filed, however, because a responsive pleading had been filed, albeit untimely filed, Plaintiff had, as a matter of right, twenty-one days to file her Second Amended Complaint after service of the Defendant's untimely motion to dismiss/or for more definite statement. *See* FED. R. CIV. P. 15(a)(1)(B). But the Plaintiff has never filed a separate Second Amended Complaint; instead she buried part of it in her Response. Thus, at this point, Plaintiff must obtain leave of Court before filing the separate Second Amended Complaint. Because no Second Amended Complaint has ever been properly filed, Plaintiff's motion for default judgment based on that pleading is premature, and must be denied.

Defendant fares no better with its bungled filings. As noted, Defendant's motion to dismiss/or for more definite statement was untimely filed, and it has never filed an answer. While the Court could construe its motion brought under Rule 12(b)(b) as one brought under 12(c), in light of the Plaintiff's desire to file a second amended complaint, the Court will not waste its time in doing so. The Court will deny that motion.

4

The Plaintiff may file a second amended complaint.  The complaint should set out, in a section entitled "factual allegations," numbered paragraphs for each *allegation* (not each long narrative set of facts) that supports a claim, and each claim or cause of action should be set out in a separately-numbered count.  *See* FED. R. CIV. P. 10.  For example, if the Plaintiff is bringing a claim or cause of action under New Mexico's Human Rights Act, there should be separately numbered allegations setting forth the essential background facts and then who did what to whom, and when he did it, to support that claim.  It is important to concisely state each allegation so that it may easily be admitted or denied in the Defendant's answer.  The claim itself should be set out as Count I.  If the same set of allegations also support a claim for intentional infliction of emotional distress, the Plaintiff sets out a separate Count II for that claim but can simply state that she realleges the facts in paragraphs __ to __ in support of that claim.  If additional facts support the second count, they should be included in numbered paragraphs in the "factual allegation" section.  The Plaintiff should not include in the factual allegations information about her witnesses, or what indirect evidence she may use to establish pretext, or what evidence she intends to introduce to support her credibility or to challenge the credibility of the Defendant's managers or other employees or prospective witnesses.  Nor should the Plaintiff include irrelevant allegations regarding what she considers to be other bad management practices or other bad acts by employees that are not relevant to her discrimination, retaliation, wrongful discharge, breach-of-contract, or tort claims.

The Court notes that any claims brought under Title VII of the Civil Rights Act of 1964 are now untimely as a matter of law because Plaintiff did not file her original or Amended Complaint within 90 days of her receipt of the January 19, 2011 administrative dismissal of her EEOC charge. *See* 42 U.S.C. § 2000e–5(f)(1).  She should not attempt, in the Second Amended Complaint, to

bring claims under Title VII.

The Court also notes that any claims for *gender* discrimination under the New Mexico Human Rights Act are barred because Plaintiff raised only claims for *sexual* discrimination and retaliation against her manager in her administrative charge. *See Ulibarri v. State of N.M. Corr. Acad.*, 139 N.M. 193, 198-99, 131 P.3d 43, 48-49 (2006) (holding that, "when interpreting the New Mexico Human Rights Act," the New Mexico Supreme Court should adopt "a similar approach" to exhausting administrative remedies under Title VII that requires plaintiffs to file a charge covering each "actionable unlawful employment practice" within the appropriate time period).

In addition, any claims for a hostile work environment must relate to actions directed against Plaintiff, not to alleged secret love affairs between managers. The Plaintiff would do well to read the New Mexico cases cited by the Defendant in its motion to dismiss when crafting her Second Amended Complaint.

**IT IS ORDERED** that the Defendant's motion to dismiss or for more definite statement [Doc. 6] is DENIED;

**IT IS FURTHER ORDERED** that the Plaintiff's motion for default judgment [Doc. 14] is DENIED;

**IT IS FURTHER ORDERED** that the Plaintiff's request that she be allowed to amend her Amended Complaint is GRANTED, and Plaintiff shall have 14 days from the filing of this Order to file a separate Second Amended Complaint that complies with the Court's instructions.

_____
UNITED STATES DISTRICT JUDGE