IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEEJA S. YOUNGQUIST,

        Plaintiff,

vs.                                                              CIVIL NO.   11-1134 RB/LFG

ADT SECURITY SERVICES,

        Defendant.

## NOTICE OF IMPROPER PLEADINGS
## AND ADMONITION TO PARTY

THIS MATTER is before the Court *sua sponte*. Plaintiff Deeja S. Youngquist ("Youngquist") is a *pro se* litigant and authorized to represent her own interests before the Court. 28 U.S.C. § 1654; *see e.g.*, Two Old Hippies, LLC v. Catch the Bus, LLC, 784 F. Supp. 1221, 1225 (D.N.M. 2011)("An individual is permitted by 28 U.S.C. § 1654 to proceed *pro se* in a civil case in federal court because he might be unable to afford a lawyer, or a lawyer's fee might be too high relative to the stakes in the case to make litigation worthwhile other than on a *pro se* basis.") However, a *pro se* litigant is still held to the same pleading standards and is required to adhere to the Federal Rules of Civil Procedure applicable to any licensed attorney. *See e.g.*, Hall v. Witteman, 584 F.3d 859, 864 (10th Cir. 2009)("[T]his court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.")(internal cites omitted); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)(citing cases for principle that *pro se* parties must "follow the same rules of procedure that govern other litigants.")(internal quotation marks omitted).

Notwithstanding that obligation, Youngquist is violating basic procedural rules and obligations imposed on a litigant filing pleadings and papers.

The Federal Rules, specifically Fed. R. Civ. P. 7, set out the only pleadings that are allowed. They consist of a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a cross-claim, and third-party complaint, an answer to a third-party complaint, and, if the court orders one, a reply to an answer.

So, too, Rule 7(b) indicates that the rules that govern the styling of captions in the form of pleadings also apply to motions. In other words, there is a motion, response and reply, and no other pleading is permitted unless authorized by the Court.

In this case, Youngquist filed a number of non-conforming and unauthorized pleadings, many replete with impertinent, extraneous information and *ad hominum* attacks that have no proper place in court filings. *See, e.g.*, Document 9, "Affidavit Regarding Sexual Harassment and Discrimination," Document 10, "Affidavit Detailing Elements of Emotional Distress," and Document 16, an Affidavit of Teddy Mitchell. These Affidavits are not permitted under Rule 7, nor were they filed in support of a motion for summary judgment where affidavits are permitted. Fed. R. Civ. P. 56.

Document 14, "Motion for Default Judgment and Motion to Compel Answer to Amended Complaint" violates the requirements of Administrative Order Misc. No. 92-88, which requires that separate requests be filed in separate motions. Other papers filed by Youngquist are in excess of page and exhibit limitations

Rule 7 does not permit Youngquist to file a response to Defendant's answer [Doc. 26] unless the Court specifically authorized such a filing. Yet, Youngquist filed a response without the Court requesting or authorizing one. Similarly, there is no provision under the Federal Rules of Civil Procedure that allows a party to file a response to the Court's Memorandum Opinion and Order as occurred here. [Doc. 18].

Youngquist is admonished to become familiar with the rules of procedure, both federal and local, and to strictly comply with rule requirements. Further, Youngquist is not to file unauthorized papers or pleadings without seeking and obtaining the Court's permission. Youngquist is also cautioned about the language and tenor of the pleadings themselves as *ad hominum* attacks are improper.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge